UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12064-RGS

JOHN B. DEMPSEY,
PLAINTIFF,

v.

MOUNT AUBURN HOSPITAL,
DEFENDANT.

<u>ORDER</u>

December 13, 2010

STEARNS, D.J.

On November 26, 2010, plaintiff John B. Dempsey ("Dempsey") filed a complaint against his former employer alleging, *inter alia*, retaliation against him by declaring him unfit and placing him on administrative leave. On December 2, 2010, this court issued a Memorandum and Order (Docket No. 7) directing the issuance of a summons and service of process by the United States Marshal Service. This court also denied Dempsey's Motion for Summary Judgment and Injunctive Relief (Docket No. 5) without prejudice to renew after a responsive pleading was filed by the defendant.

Thereafter, on December 3, 2010, Dempsey filed a pleading entitled "Motion in Support of 28 U.S.C.A. § 1915(d) Victim of Violent Crime Massachusetts General Laws Chapter 258B Section One "Definitions" In Re Handicap Assault M.G.L.A. ch. 265 sect. 13K" (Docket No. 9). The document is virtually incoherent, but it appears Dempsey alleges that he is a victim of handicap assault by the defendant's hospital staff. The relief he seeks is unclear. In addition to that motion, on December 7, 2010, Dempsey filed a "Motion for

Medical Witness Pathologist" (Docket No. 10) in which he seeks funds from this court for a medical expert to testify in his employment retaliation action about non-medicinal medications prescribed to him. Accompanying the motion was a Memorandum in Support (Docket No. 11). Both the body of the motion and the Memorandum in Support are unintelligible.

Subsequent to the filing of the two motions, on December 8, 2010, Dempsey filed a Motion to Voluntarily Dismiss (Docket No. 12) indicating that his employment discrimination suit is being prosecuted in the Middlesex County Superior Court. While this motion is also not entirely coherent, it appears that Dempsey seeks permission to pursue his lawsuit based on retaliation in state court. Notwithstanding this seeming request by Dempsey to voluntarily dismiss this action, he also filed a "Supplemental Motion for Summary Judgment on the issue of handicap prejudice" (Docket No. 13) on the same day.

At this juncture, the court deems that Dempsey's Motion to Voluntarily Dismiss this action supersedes all other motions for relief; however, to the extent that Dempsey seeks permission of this court to pursue his actions in state court, the court declines to enter any order for such relief.

Accordingly, in light of the above, it is hereby Ordered that:

1. Plaintiff's "Motion in Support of 28 U.S.C.A. § 1915(d) Victim of Violent Crime Massachusetts General Laws Chapter 258B Section One "Definitions" In Re Handicap Assault M.G.L.A. ch. 265 sect. 13K" (Docket No. 9) is <u>DENIED</u>;

2. Plaintiff's "Motion for Medical Witness Pathologist" (Docket No. 10) is DENIED;

3. Plaintiff's "Supplemental Motion for Summary Judgment on the issue of handicap

      prejudice" (Docket No. 13) is <u>DENIED</u>;

4. Plaintiff's Motion to Voluntarily Dismiss (Docket No. 12) is <u>ALLOWED</u>. This action is hereby <u>DISMISSED</u> without prejudice to plaintiff seeking to reinstate this case within 30 days of the date of this Memorandum and Order, provided he file a coherent Motion to Reinstate Case. In any Motion to Reinstate Case, plaintiff shall indicate whether he has any other lawsuits pending or completed in state court in which he has asserted allegations of retaliation by the defendant for filing a labor complaint regarding statements of co-workers, and/or allegations concerning handicap prejudice/handicap assault that he references in his pleadings filed in this case. Failure to comply with this directive will result in the denial of any request to reopen this action;

5. The summons previously issued by the clerk on December 2, 2010 is hereby <u>VACATED</u>; plaintiff is prohibited from serving the summons, and the United States Marshal shall not effect service of process, unless this court reinstates/reopens this action; and

6. Plaintiff is prohibited from filing any Amended Complaints or further motions for relief of any kind (*e.g.*, for funds for experts, for summary judgment, for injunctive relief, etc.) unless this action is ordered reinstated/reopened, and then he may only file such pleadings <u>after</u> a responsive pleading has been filed by the defendant upon proper service of process.

                      SO ORDERED.

                      <u>/s/ Richard G. Stearns</u>
                      UNITED STATES DISTRICT JUDGE