UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12064-RGS

JOHN B. DEMPSEY,
PLAINTIFF,

v.

MOUNT AUBURN HOSPITAL,
DEFENDANT.

ORDER

February 1, 2011

STEARNS, D.J.

On November 26, 2010, plaintiff John B. Dempsey ("Dempsey"), filed a Complaint alleging, *inter alia*, employment discrimination by defendant Mount Auburn Hospital based on race (Burmese/Chinese) and disability. On December 13, 2010, this court dismissed this action based on Dempsey's Motion to Voluntarily Dismiss. See Order (Docket No. 14). The dismissal was without prejudice to Dempsey's filing of coherent Motion to Reinstate Case. Thereafter, Dempsey filed a number of motions for relief.

On December 30, 2010, this court issued an Electronic Order denying Dempsey's Motion to Withdraw his Voluntary Dismissal, and directed that he could file a Motion to Reinstate case, but no other motions for relief other than a Motion to Reinstate. Presumably in response, on January 28, 2011, Dempsey filed a Letter (Docket No. 20). Dempsey's Letter is, as with his other pleadings, virtually incoherent. He alleges that Middlesex Superior Court Clerk Michael Sullivan is engaged in an unethical process because he has failed to enforce Massachusetts General Laws with respect to his assertion

that his is an enemy alien non-combatant.  He requests that federal and state authorities suspend proceedings due to "courthouse corruption" and "blatant abuse of law."  Letter (Docket No. 20 at 1).

Attached to the letter, Dempsey submits a Case Management Order from the Middlesex Superior Court in the case of <u>Dempsey v. Mount Auburn Hospital</u>, C.A. No. MICV2010-4556, indicating that Dempsey had filed a number of motions in that case, but the defendant was not required to answer them nor would the court consider them. Dempsey could re-file the motions after a responsive pleading had been filed provided he comply with Rule 9A and upon certification of compliance.  He was prohibited from filing any further pleadings unless he complied with the applicable rules.

This court finds that Dempsey's Letter fails to comport with the directives contained in the Order (Docket No. 14) and the later Electronic Order entered December 30, 2010 providing that he could file a Motion to Reinstate Case, if coherent.  Further, this court considers that the Letter evidences an intent not to proceed in this matter, as a result of his distrust of the federal and state legal system.

Accordingly, this action remains <u>DISMISSED</u> pursuant to the Order (Docket No. 14). To the extent that Dempsey's Letter is construed as a Motion to Reinstate Case, it is <u>DENIED</u> <u>with</u> <u>prejudice</u>.  Dempsey may not file any further motions, pleadings, or other letters seeking relief from the Orders of this court.[1]  Failure of Dempsey to comply with the

---

[1]This Order does not prohibit the filing of a Notice of Appeal.

directives contained in this Order may result in the imposition of sanctions against him.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE